434 So.2d 1171 (1983)
STATE of Louisiana
v.
Lionel BROOKS.
Nos. 82 KA 0907, 82 KA 0908.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
*1172 Ossie Brown, Dist. Atty. by Joe Lotwick, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Michele Fournet, Public Defenders Office, Baton Rouge, for defendant-appellant.
Before PONDER, SAVOIE and CRAIN, JJ.
CRAIN, Judge.
Defendant, Lionel Brooks, appeals his conviction on four counts of attempted simple burglary and the sentences imposed therefor. He was sentenced to 12 years at hard labor on each count, the sentences to run consecutively. On appeal, the defendant contends the trial court erred in: (1) denying the defense counsel's motion to suppress the defendant's confession on the basis that it was involuntary; (2) denying defense counsel's motion for a mistrial on the grounds that the prosecution failed to comply with the discovery procedures and, thereby, defendant was prejudiced; and (3) imposing an excessive sentence.[1]
Defendant was charged by bill of information with four counts of simple burglary in violation of La.R.S. 14:62. Each count involved the burglary of Burger King restaurants in Baton Rouge. In each instance, it appeared that the burglars entered the restaurant through the drive-in window and exited the premises through the back door with the floor safe. At the site of one of the burglaries, police officers recovered a wallet containing the driver's license of defendant. Upon the recovery of this wallet, an arrest warrant was obtained and, subsequently, executed.
The defendant was arrested by Officers Dickinson and Boudreaux. At that time, the defendant was read his rights and transported downtown. Once downtown, the defendant was again informed of his rights and he signed a standard form that he was so advised. An interrogation ensued and, pursuant thereto, the defendant made a taped confession.
The defendant was tried by jury and found guilty on four counts of attempted simple burglary. He was charged under the Louisiana habitual offender law and so adjudged. Defendant was then sentenced to 12 years at hard labor on each count, the sentences to run consecutively.

ASSIGNMENT OF ERROR NO. 1
The defendant contends that his confession should have been suppressed at trial because it resulted from inducements and promises made by the arresting officers.
In order for a confession to be admissible into evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menace, threats, inducements or promises. L.S.A.-R.S. 15:451; see also State v. Jackson, 381 So.2d 485 (La.1980). The State has the burden of affirmatively proving that the confession was free and voluntary. Accordingly, it must rebut specific testimony introduced by the defendant concerning factual circumstances which indicate coercive measures or intimidation. State v. Haynie, 395 So.2d 669 (La.1981).
The admissibility of a confession is a question for the trial judge. His conclusions on credibility and the weight of testimony regarding the voluntariness of a confession for admissibility purposes will not be overturned on appeal unless they are unsupported by the evidence. State v. Haynie, supra.
The admissibility of the confession was amply litigated at the hearing on the motion to suppress. The defendant testified *1173 that the police officers, particularly Officer Dickinson, made promises in order to obtain a statement. The promises allegedly made included charge reduction, minimum sentence, a lower bond, and non-revocation of his probation. Further, defendant testified that he was threatened by one of the police officers. Defendant's wife, who was present during some of the interrogation proceedings, testified that one of the arresting officers promised to get the defendant's bond lowered if he cooperated in naming the other persons involved in the burglaries. She also stated that the officer said he would get the defendant's case changed to another judge.
Contrarily, the two arresting police officers testified that no promises, inducements, nor threats were made to the defendant or wife.
Both officers testified that the defendant appeared to understand the consequences of and voluntarily waived his rights. In addition, they stated that thereafter the defendant was willing to answer questions and make a statement. Officer Dickinson, the interrogating officer, acknowledged that the details of the charged crimes were discussed with the defendant prior to his making a statement. Further, he admitted that defendant's wife was helpful and desirous of apprehending the subjects involved with the defendant in the criminal incidents. Officer Dickinson also stated that he had no control over the disposition of defendant's case nor the amount of bond that would be set therefor.
The trial court accorded greater weight to the credibility of the police officers than the defendant in arriving at its conclusion of the voluntariness of defendant's confession. Such discretion of the trial court will not be reversed unless it is clearly wrong. State v. Serrato, 424 So.2d 214 (La.1982).
An analysis of the record convinces us that sufficient evidence was presented by the state to rebut the defendant's allegation of coercion and promises made to him to induce his making a confession. Therefore, this assignment has no merit.

ASSIGNMENT OF ERROR NO. 2
The defendant argues that a mistrial should have been granted because he was prejudiced by the prosecution's failure to comply with the requisite discovery procedures.
La.C.Cr.P. Art. 717 provides that the court shall order the appropriate law enforcement agency to furnish to the defendant a copy of any record of his criminal arrest and convictions in their possession upon his request.[2] In addition, La.C.Cr.P. Art. 729.3 imposes a continuing duty upon the party to promptly notify the other party and the court of the discovery of additional evidence previously requested and subject to discovery or inspection under court order.[3] Sanctions which the court may impose for failure to comply therewith are provided by La.C.Cr.P. Art. 729.5(A).[4]
In the instant case, the defendant requested a copy of his record of criminal arrests and convictions pursuant to La.C. *1174 Cr.P. Art. 717. The prosecution responded by furnishing defendant with a copy of an incomplete rap sheet. This copy failed to list defendant's previous conviction for simple burglary and misdemeanor theft. This misdemeanor theft was identical to the case at bar (i.e., the safe of a Burger King restaurant). Defendant pled guilty to this previous charge.
The prosecution acknowledges that it knew of these two previous convictions. Further, it asserts that defense counsel was orally notified of these convictions by the prosecutor. Defense counsel acknowledges that she was informed of the simple burglary conviction but denies any knowledge of the misdemeanor theft conviction.
It is clear that C.Cr.P. Art. 717 requires a written copy instead of an oral disclosure. Even if the assistant district attorney's knowledge of the incompleteness of the criminal record does not reach the stage of bad faith, nevertheless, we believe that C.Cr.P. Arts. 717 and 729.3 require more action on his part than an informal amendment of a written document by an impromptu oral notification. C.Cr.P. Art. 729.3 requires notification of the other party and of the court. After notification, we believe that a C.Cr.P. Art. 717 amendment can be made only by a written document. This requirement will obviate any "swearing contests" as to whether the amendment was or was not made.
In spite of the failure to comply with the discovery procedures, reversal of the conviction is not appropriate in this matter. C.Cr.P. Art. 729.5 gives the trial judge several alternatives as to sanctions when a party fails to comply with C.Cr.P. Art. 717. One alternative is to simply prohibit the introduction into evidence of the undisclosed subject matter. The trial judge was not given this option in this case because of defendant's failure to contemporaneously object to use of the misdemeanor conviction not disclosed on the defendant's rap sheet.
The matter arose in the following manner. The defendant was on the stand under cross examination by the assistant district attorney. He was asked if he recalled being placed on probation for misdemeanor theft in 1980. No objection was made to the question. The defendant denied knowledge. He was then handed the bill of information on which the guilty plea had been obtained, and asked to read it out loud. Still no objection was made. Since defendant was not doing an adequate job of reading the bill, his counsel interjected the following.
"Judge, I would suggest that Mr. Lotwick (the prosecutor) just read the bill. Obviously, the man is having trouble.
Mr. Lotwick: All right ..."
Subsequently, the prosecutor read the bill, defendant denied the conviction, and the prosecutor tendered the witness.
At this point the defense rested, and the trial judge asked the state for rebuttal. As rebuttal, the prosecutor offered the bill of information already read to the jury. For the first time defense counsel objected. At this point the objection served no useful purpose because the bill of information had already been read to the jury. Consequently, the trial judge's only alternatives were to allow the evidence or declare a mistrial. He correctly chose the former.
The Louisiana Supreme Court decided in State v. Clement, 368 So.2d 1037 (La.1979) that where a prior arrest and conviction record was requested by defendant, but was not supplied, this failure would not require the setting aside of a verdict where no contemporaneous objection was made to the cross-examination of defendant with reference to a prior conviction. That rule applies here. See also State v. Naas, 409 So.2d 535 (La.1981), State v. Thomas, 427 So.2d 428 (La.1982). Consequently, there is no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 3
Defendant also alleges as error that the sentence imposed by the trial court was excessive. The sentence, four consecutive twelve year terms at hard labor, was within the statutory limits for attempted simple burglary by a second felony offender. La.R.S. 14:62, La.R.S. 14:27, La.R.S. 15:529.1. Even though within statutory limits, a sentence may be so excessive as to violate a defendant's right against excessive *1175 punishment. Art. 1, Sec. 20 of La.1974 Constitution, State v. Sepulvado, 367 So.2d 762 (La.1979). However, the trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Prados, 404 So.2d 925 (La.1981). The record reflects that the trial judge considered a number of factors in sentencing the defendant in compliance with La.C.Cr.P. Art. 894.1, and, as such, we find no abuse of the trial judge's discretion.
For the reasons assigned, defendant's conviction and sentence are affirmed.
AFFIRMED.
SAVOIE, J., dissents and assigns reasons.
SAVOIE, Judge, dissenting, in part.
I agree with the majority's treatment of Assignments of Error Nos. 1 and 3. However, as to Assignment of Error No. 2, I respectfully dissent.
The majority holds that the state's failure to comply with the discovery articles does not require setting aside a verdict where no contemporaneous objection was made.[1] I do not agree with this conclusion when, as here, the failure to comply therewith results in substantial prejudice to the defendant to the extent that he is denied due process.
The discovery rules in the Louisiana Code of Criminal Procedure are intended to eliminate unwarranted prejudice which could arise from surprise testimony. State v. Mitchell, 412 So.2d 1042 (La.1982). The state's failure to comply with discovery procedures which result in prejudice to the defendant constitutes reversible error. However, such failure does not automatically require reversal. The court will examine the circumstances to determine if the defendant was actually prejudiced by the nondisclosure. State v. Vaccaro, 411 So.2d 415 (La.1982).
In the instant case, the state has failed to prove that it complied with its duty under La.C.Cr.P. art. 729.3. We find that its failure to do so substantially prejudiced the defendant in obtaining a fair trial. This is so not only because of the similar nature of the crimes and the manner in which the conviction was introduced, but also because it affects defendant's right to prepare an adequate defense. See also State v. Meshell, 392 So.2d 433,435 (La.1980), rehearing denied, Jan. 26, 1981. Accordingly, I would reverse the conviction and remand the case for a new trial.
NOTES
[1] Defendant posed several other assignments of error which were neither briefed nor argued. Consequently, those assignments are considered abandoned. State v. Vanderhoff, 415 So.2d 190 (La. 1982).
[2] Art. 717. Defendant's prior criminal record

Upon motion of the defendant, the court shall order the district attorney or the appropriate law enforcement agency to furnish to defendant a copy of any record of his criminal arrests and convictions that is in their possession or custody.
[3] Art. 729.3. Continuing duty to disclose

If, subsequent to compliance with an order issued pursuant to this Chapter and prior to or during trial, a party discovers additional evidence or decides to use additional evidence and such evidence is or may be, subject to discovery or inspection under the order issued, he shall promptly notify the other party and the court of the existence of the additional evidence, so that the court may modify its previous order or allow the other party to make an appropriate motion for additional discovery or inspection.
[4] Art. 729.5. Failure to comply; sanctions

A. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.
[1] As noted in the majority opinion, this case involves the discovery of defendant's prior criminal record (C.Cr.P. art. 717) and the continuing duty to disclose (C.Cr.P. art. 729.3).