439 So.2d 605 (1983)
STATE of Louisiana
v.
Regina GLAZE.
No. 83 KA 0119.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
*606 Ossie Brown, Dist. Atty. by Thomas Damico, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Frank Saia, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Regina Glaze, defendant, was indicted by the East Baton Rouge Parish Grand Jury and charged with the second degree murder of Dennis Foshee, in violation of La.R.S. 14:30.1. After a trial by jury, she was found guilty and sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. She has appealed her conviction and sentence.
Defendant has assigned twelve errors; however, only six were briefed. Pursuant to Rule 2-12.4 of the Uniform Rules of the Court of Appeal, assignments of error numbers 1, 4, 6, 8, 10 and 12 are considered abandoned. State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983).
ASSIGNMENT OF ERROR NO. 2
Defendant argues that she was denied her constitutional right to an impartial trial and to full voir dire as guaranteed by article I, § 16 and § 17, Louisiana Constitution of 1974, when the court denied her challenge for cause of prospective juror Edward J. Sweeney. During voir dire, he expressed some reservations about his ability to fairly consider defendant's right not to testify as guaranteed by the fifth amendment to the U.S. Constitution. Defense counsel attempted to exercise a peremptory challenge on Sweeney as per La.C.Cr.P. 799, apparently relying on the court reporter's count of defendant's previous peremptory challenges. The State objected, noting that according to its count, defendant had exhausted all of her peremptory challenges. A tally made by the court and counsel verified that defendant had, indeed, previously used twelve challenges. The court reporter noted her error. Defense counsel then challenged Sweeney for cause because Sweeney knew that he was not acceptable to defendant and would therefore be a hostile juror. The State accepted Sweeney. The trial judge interrogated Sweeney out of the presence of eleven jurors who had been already accepted to determine if Sweeney could render an impartial verdict according to the law and evidence presented at trial in accordance with La.C.Cr.P. 797(2). After the court's examination, defendant's challenge for cause was denied.
The trial court should sustain a challenge for cause despite a prospective juror's professed impartiality if his answers reveal facts from which bias, prejudice or inability to follow the law may be reasonably implied. State v. Albert, 414 So.2d 680 (La.1982); State v. Lewis, 391 So.2d 1156 (La.1980). In this regard, defendant need only show two things to obtain reversible error: (1) that the trial judge erred in refusing to sustain a challenge for cause by defendant, and (2) that defendant exhausted all of his peremptory challenges. State v. Monroe, 366 So.2d 1345, 1347 (La.1978). The trial judge is vested with broad discretion *607 in ruling on a challenge for cause, and his ruling will not be disturbed on appeal absent a showing of abuse of that discretion. State v. Sugar, 408 So.2d 1329 (La. 1982); State v. Labostrie, 358 So.2d 1243 (La.1978).
We have already noted that defendant exhausted all of his peremptory challenges. We need only determine whether the trial judge abused his discretion in finding that Sweeney could render an impartial verdict according to the law and evidence. In reviewing Sweeney's examination on voir dire, we note that he originally expressed some difficulty with the legal principle of law that the defendant does not have to testify. When asked if he understood the law and if under oath would accept it and apply it, he said "I think I can." The court asked him to state "not just what you think," but if he could apply the law under oath. Sweeney replied that he thought he could disregard his doubts and apply the law. Sweeney further stated that he felt he could be fair to both defendant and the State. He stated that he understood that defendant had a right not to testify.[1] He said that he could give both sides a fair trial. Upon further questioning by the trial judge, subsequent to defendant's erroneous peremptory challenge, Sweeney declared under oath that he could base his verdict solely on the evidence and the law. He further stated that he would convict defendant if the State convinced him beyond a reasonable doubt of defendant's guilt, but, on the other hand, would find for defendant if the State failed to prove his guilt beyond a reasonable doubt.
After carefully examining the record, we cannot say that the trial judge abused his discretion in believing that Sweeney could render an impartial and fair verdict according to the law and evidence. This assignment of error has no merit.
ASSIGNMENTS OF ERROR NOS. 3, 5 and 7
Defendant consolidated these assignments of error for purposes of argument, as they all involve hearsay statements admitted into evidence over her objection. We also will treat them together. Defendant argues that the court erred in admitting into evidence certain incriminating statements made by her some five days to three weeks prior to the commission of the crime. She contends that the State's reliance on the state of mind exception to the hearsay rule is misplaced because of remoteness of the statements from the crime. Robin Melvin testified that some days before the shooting defendant said that before she would see him with anyone else she would see him dead. Susan Tumlin testified that 4 to 5 days before the shooting defendant was at her house and they talked about her relationship with Dennis. When asked what she would do if they broke up, defendant said she might cry and scream, might shoot herself or him, or might just say okay and leave. Tumlin also testified that about three weeks before the shooting, defendant acted out a pantomime where she shot Dennis with a gun.
Several Louisiana cases have held that the time interval between the utterance offered in evidence and the commission of the crime was too long to hold such utterance admissible under res gestae. See, for example, State v. Burge, 362 So.2d 1371 (La.1978); State v. Noble, 342 So.2d 170 (La.1977). These cases are relied on by defendant in her brief. See also La.R.S. 15:447, 448.
However, the record reveals that the trial judge relied primarily on State v. Moses, 367 So.2d 800 (La.1979) and State v. Leming, 217 La. 257, 46 So.2d 262 (1950), when he allowed into evidence the hearsay statements made by defendant prior to the commission of the crime. These statements were offered by the State to show defendant's state of mind and motive or intent to commit the crime in question. La.R.S. 15:446. In Leming, the trial court admitted into evidence testimony indicating that the *608 accused made a statement to the effect that she intended to have the deceased's husband no matter what the cost to get him. This statement was made by the defendant 23 days before the wife was killed. The Supreme Court said:
The purpose of this evidence was to show motive for the killing on the part of the defendant and the evidence of prior acts, declarations and threats of the accused, though not part of the res gestae is admissible when it substantially tends to establish motive or intention of the accused to commit the crime. 46 So.2d at 274.
In State v. Flood, 301 So.2d 637 (La.1974), cert. denied 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975), the court admitted testimony as to marital disaffection as evidence of motive.
We agree with the trial court and find that these statements were admitted to show state of mind, motive, etc., as enumerated in La.R.S. 15:446. The res gestae exception to the hearsay rule is not involved. The time interval between the utterance and the commission of the crime is not pertinent when state of mind, motive or intent is being shown.
This assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 9
Defendant contends that the trial judge erred when he refused to allow into evidence at trial a recorded statement made by her to a deputy sheriff the day after the crime was committed. She says that the recorded statement was exculpatory and relative to the issue of self-defense and, further, that it should have been admitted into evidence under the res gestae exception to the hearsay rule. Defendant further urges that she was denied her constitutional right to present a defense when the trial judge sustained the State's hearsay objection to the recorded statement. U.S. Const. amend. VI; La. Const. art. I, § 16 (1974).
The record reveals that defense counsel attempted to elicit from Dwayne T. Jones, a deputy sheriff, testimony as to the contents of a recorded statement made to him by defendant. The State objected on the grounds that the out-of-court recorded statement was hearsay. The trial judge sustained the objection, relying on State v. Bodley, 394 So.2d 584 (La.1981). Defense counsel then objected to the judge's ruling, assigning error, stating, "For the record, it will be our position that it's res gestae; it's much ... as relevant as the statements made four days before." At that point, there was no further argument in court on the admissibility of defendant's out-of-court recorded statement. Upon subsequent cross-examination, the State did establish that the recorded statement was given to Jones at noon on the day following the commission of the crime, some 13 hours after the shooting. At that point, defense counsel did not present an argument as to why the statement was relevant to defendant's allegation that she acted in self-defense, nor was the recorded statement in question proffered by the defense.[2]
We have noted that the defense attempted to offer the contents of the out-of-court statement under the res gestae exception to the hearsay rule. However, in brief, defense counsel says that defendant was denied her constitutional right to present a defense when the statement was excluded. A new basis for an objection may not be urged for the first time on appeal. State v. Sims, 426 So.2d 148 (La.1983).
But should we examine this new argument, we note that the Supreme Court in State v. Ludwig, 423 So.2d 1073 (La.1982), held that constitutional guarantees do not require the trial court to permit the introduction of evidence that is irrelevant or which has so little probative value that it is substantially outweighed by other legitimate considerations in the administration of justice. The evidence which the defendant in Ludwig sought to introduce was held to *609 have only slight probative value because it concerned a self-serving exculpatory statement made by the defendant to a police officer while in police custody. Here, the evidence which defendant sought to introduce was also at most of only slight probative value because it concerned an exculpatory statement made by defendant to a police officer while in custody some 13 hours after the commission of the crime. Cf. State v. Cardinale, 251 La. 827, 206 So.2d 510 (1968).
Since the record before us does not contain the recorded statement or a copy of its contents, and no argument or foundation was made in court by defendant to establish the relevancy of defendant's out-of-court recorded statement, we cannot say that the judge has abused his discretion. The record does reveal that the statement in question was made to a deputy sheriff while defendant was subject to custodial interrogation; that, as part of the investigation, a deputy sheriff took defendant into custody and accompanied her to the hospital; that she gave the recorded statement in question to the deputy after her release from the hospital; and that an interval of 13 hours elapsed between the commission of the crime and the making of the statement.
We especially note here that there is no other evidence in the record that defendant acted in self-defense; in fact, the evidence tends to establish that the victim was a mild-mannered social drinker who collected guns and was a victim of an act of aggression by defendant.
Defendant also argues that the out-of-court recorded statement made by her some 13 hours after the commission of the crime should have been admitted into testimony under the res gestae exception to the hearsay rule. We hold that the statement does not fall within such exception. La.R.S. 15:448, entitled "Relation of res gestae to criminal act," reads as follows:
To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.
See also State v. Sharp, 414 So.2d 752 (La. 1982).
There is no merit in this assignment of error.
ASSIGNMENT OF ERROR NO. 11
Defendant urges that the trial court erred when it denied her motion for post-verdict judgment of acquittal, arguing that the evidence at trial, viewed in the light most favorable to the State, did not reasonably permit a finding of guilt.
The applicable standard of review is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the essential elements of the crime were proved beyond a reasonable doubt. La.C.Cr.P. art. 821; State of Louisiana v. Carl Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
The record reveals that, almost immediately following the shooting, defendant called Janice Latimer, a friend, and admitted to her that she had shot the victim, saying, "I don't know why I shot him. I loved him. He was my very life." Sally Rowell testified that defendant called her almost immediately after the shooting and said, "He's dead. I shot him and he's dead." Sally Rowell then told defendant to stay where she was and she would be right over. When she arrived at the scene of the crime, she found defendant on the front porch smoking a cigarette, and Dennis Foshee was dead on the floor in the kitchen. Defendant said once more that she had shot him and killed him.
When asked if defendant had made any statements concerning self-defense, both Latimer and Rowell testified in the negative. They also testified that Foshee was not a heavy drinker, probably an occasional drinker. They further testified that he was always a mild-mannered person and that they had never seen him carry a gun on his person.
*610 Robin Melvin testified that defendant, a week before the shooting, stated to her that before she would see Dennis with anyone else, she would see him dead. Susan Tumlin testified that four or five days prior to the shooting, defendant stated to her that if "splitting up" was brought up again, defendant "might cry and scream; she might shoot herself or him; or she might just said (sic), `O.K.' and leave."
The pathologist who performed the autopsy testified that Foshee was killed by five shots from a rifle. While he was unable to determine the sequence of the five shots which penetrated Foshee's body, he was of the opinion that one shot hit him while his arm was raised in a defensive position and that other shots hit him while he was lying down.
Defendant bases her argument that she acted in self-defense on evidence that Foshee was intoxicated at the time of the crime and was a collector of guns. The State's evidence presents a strong showing that this killing was not necessary to prevent the loss of defendant's life or to prevent great bodily harm to her and that the force she used was unreasonable under the circumstances. La.R.S. 14:20.
We find that the evidence fully supports the finding of guilt for every element of the offense of second degree murder. This assignment of error lacks merit.
For all these reasons, we find that the verdict and sentence are correct, and we affirm.
AFFIRMED.
NOTES
[1] The trial judge gave a very clear explanation of the theory behind the law which allows defendant to invoke his Fifth Amendment privilege against self-incrimination in criminal trials. Sweeney responded that he understood the law.
[2] The State in brief states that defendant made a proffer of the recorded statement; however, the transcript shows that defendant never tendered the statement as a proffer, and it does not comprise any part of this record.