448 So.2d 868 (1984)
STATE of Louisiana
v.
Roosevelt ODDS.
No. 83 KA 1136.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Ossie Brown, Dist. Atty. by Kaye Bates, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
David Price, Appellate Co-Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
SAVOIE, Judge.
Defendant, Roosevelt Odds, Jr., was convicted of armed robbery in violation of L.S. A.-R.S. 14:64[1] and sentenced to 20 years at *869 hard labor without benefit of probation, parole or suspension of sentence. He appeals.
On September 6, 1982, defendant, accompanied by two companions (Roy Holiday and Keith Bailey), entered Smitty's Pac and Save at approximately eight o'clock in the evening. A third companion (Calvin Cavalier) stayed down the street from the store with the automobile. Mr. Holiday picked up a bottle of wine and brought it to the cashier to be checked out. Defendant herein went to the counter with him while Mr. Bailey stayed at the entrance door. After being told the price of the wine, the store's clerk asked Mr. Holiday whether he was old enough to purchase the wine. At this point, the defendant stepped up to the counter, pulled a pistol, and claimed to be a police officer. The clerk immediately retreated from the counter while the defendant emptied the cash register. While the store's clerk had her hands in front of her face, she was able to move them such as to get a better view of the defendant, Holiday, and Bailey. Thereafter, the defendant, Holiday, and Bailey fled the store. As they left, a customer opened the door and attempted to obtain a license plate number of the vehicle to which the defendant, Holiday, and Bailey fled. As he did so, a shot was fired by the defendant in the direction of the store.
The next day, Officer Bobby Dale Calendar received a tip from a confidential informant, that Holiday, Cavalier, someone "kin" to Cavalier, and an individual named June had committed the robbery. Police thereafter arrested Holiday, Cavalier and Bailey. Based upon the clerk's description and the confidential informant's tip of his name (June), officers proceeded to arrest one, Roy Taylor, Jr., nicknamed Junior. Upon showing Taylor's photograph to Holiday, he stated that this was not the person with whom they had robbed the store. Holiday then informed the police that defendant was the person they sought. After being informed of where the defendant was hiding, police officers went to the residence and found defendant hiding under a bed. Defendant was then arrested and given his Miranda warnings by Officer Bodie White. Thereafter, defendant was handed over to Detective Lonnie Callahan for transportation to the police station. While being transported, defendant stated that he knew which robbery the police were talking about but that he did not have a gun. Upon arrival at the police station, defendant was handed over to Officer Calendar and subsequently booked. Defendant was again given his Miranda rights prior to interrogation and was asked to sign a waiver of his rights, which defendant refused. Thereafter, defendant again made statements that he knew which robbery the police were talking about but that he did not have any weapon. After trial by jury, defendant was convicted of armed robbery in violation of L.S.A.-R.S. 14:64 and sentenced to 20 years at hard labor without benefit of probation, parole, or suspension of sentence.
Defendant appeals, asserting that the trial court erred in: (1) allowing the testimony of police officers concerning certain inculpatory statements, (2) imposing an excessive sentence, and (3) denying defense challenges of a prospective juror for cause.[2]
Defendant first asserts that the trial court erred in allowing certain inculpatory statements made by him to the police to be introduced into evidence when they were not freely and voluntarily given. Such assertion is based upon defendant's claim that:

*870 1. The State does not possess a written waiver of defendant's Miranda warnings;
2. Neither officer heard the other give defendant his Miranda warnings; and
3. The conveying of Miranda rights is not tantamount to insuring that the rights are understood.
It is well settled that for a confession to be admissible into evidence, the State must affirmatively show that it was freely and voluntarily given without influence of fear, duress, intimidation, menace, or promises. State v. Brooks, 434 So.2d 1171 (La.App. 1st Cir.), writ denied, 440 So.2d 727 (La. 1983). The trial court's determination that the State has met its burden of proof with regard to the confession's voluntariness is entitled to great weight. State v. Hernandez, 432 So.2d 350 (La.App. 1st Cir.1983). Further, the determination of a witness' credibility, being a function of the trier of fact, is entitled to great weight. State v. Hernandez, supra.
Herein, Officer White testified that he gave the defendant his Miranda rights at the time of his arrest. Immediately thereafter, the defendant made an unsolicited inculpatory statement in which he admitted being present during the robbery but that he did not have a weapon. Officer Calendar testified that he also gave the defendant his Miranda rights at the stationhouse. When asked to sign a rights waiver form, the defendant refused. Again, immediately thereafter, the defendant made the same inculpatory statement. Defendant testified that he had never been advised of his Miranda rights and that the statements attributed to him had not been made.
Defendant first complains that the State has no evidence that the Miranda rights were given to him. It is not required that the police have either a signed waiver of rights form or another officer to substantiate that such rights were given to the defendant. The State need only prove by the evidence that the defendant was given the Miranda rights. Giving great weight to the trier of fact's determination of witness credibility, we find that the defendant was given his Miranda rights by the officers. Defendant next complains that if we find that he was given his Miranda rights, the State failed to prove that he understood those rights. Such claim is evidently based upon his assertion that he had been drinking prior to his arrest and that he fell asleep during his ride to the stationhouse. He claims these facts show that he was incapable of understanding his rights. The police officers' testimony directly contradicts the defendant's testimony. Giving great weight to the trier of fact's determination of witness credibility, we find that the defendant understood the Miranda rights given him. Accordingly, this assignment of error is without merit.
Defendant next asserts that the trial court erred in imposing an excessive sentence. Trial courts have wide discretion in imposing sentences within the statutory limits. Those sentences will not be set aside absent manifest abuse of discretion. State v. Willis, 420 So.2d 962 (La.1982). However, even sentences within statutory limits may be considered excessive. State v. Trahan, 412 So.2d 1294 (La.1982), rehearing denied, May 14, 1982. Sentences grossly out of proportion to the severity of the crime or nothing more than purposeless and needless imposition of pain and suffering are prohibited by the Louisiana Constitution of 1974, Article I, Section 20. State v. Willis, supra.
The defendant was sentenced to serve 20 years at hard labor without benefit of probation, parole, or suspension of sentence. Under L.S.A.-R.S. 14:64, the maximum period of imprisonment is ninety-nine years at hard labor without benefit of probation, parole, or suspension of sentence.
The trial court went to exceptional lengths in tailoring defendant's sentence, taking into account defendant's rehabilitational needs, character traits, and criminal propensities. It stated that the defendant's use of a weapon in this robbery without any provocation threatened serious harm to everyone involved. The trial court also *871 found that nothing excused nor facilitated defendant's conduct. Further, it was noted that the defendant was the "ring-leader" of this armed robbery. Based upon such findings, the trial court found the defendant might well commit another crime and was, therefore, in need of correctional treatment. Under the circumstances, we find that the sentence imposed is neither grossly disproportionate nor a needless imposition of pain and suffering. State v. Robinson, 434 So.2d 1275 (La.App. 1st Cir.1983).
Defendant lastly contends that the trial court erred in denying his challenge of a prospective juror for cause. It is settled that the trial court is vested with broad discretion in ruling on a challenge for cause and such ruling will not be disturbed on appeal absent a showing of abuse of that discretion. State v. Glaze, 439 So.2d 605 (La.App. 1st Cir.1983). However, a challenge for cause should be sustained despite a prospective juror's professed impartiality, if his answers reveal facts from which bias, prejudice, or inability to follow the law may be reasonably implied. State v. Smith, 430 So.2d 31 (La.1983), rehearing denied, May 13, 1983. To obtain reversible error in this regard, the defendant need only show that: (1) the trial judge erred in refusing to sustain a challenge for cause by defendant, and (2) the defendant exhausted all his peremptory challenges. See State v. Glaze, supra.
The record reflects that the defendant exhausted all his peremptory challenges prior to completion of the jury panel. As such, we need only determine whether the trial court abused its discretion in overruling a challenge for cause of a particular juror based upon an alleged bias.
Defendant contends that Ms. Marjorie Thibodeaux should have been excused on a challenge for cause based upon dual grounds. First, he contends that her employment with the Police Department in and of itself mandates a challenge for cause. Secondly, he contends that due to facts concerning a nephew recently murdered, she would be unable to be fair and impartial.
While anyone "associated with law enforcement duties" must be closely scrutinized as a prospective juror, such association does not automatically disqualify that person. State v. Lewis, 391 So.2d 1156 (La.1980). Ms. Marjorie Thibodeaux testified that she was employed by the Baton Rouge Police Department as a school crossing guard. During voir dire, she wore her school crossing guard uniform and her badge. She stated that she did not do any actual law enforcement work, but worked only with the children. We find that a school crossing guard, without more, would not be classified as "one associated with law enforcement duties."
The record reflects that Ms. Thibodeaux was extensively questioned concerning her ability to be fair and impartial in this matter in light of her nephew's recent murder. She stated that she did not think that her nephew's recent murder would unfairly influence her in this matter. After carefully examining the record, we find that the trial court did not abuse its discretion in believing that Ms. Thibodeaux could render an impartial and fair verdict in this matter. As such, we find defendant's third assignment of error to be without merit.
For the above and foregoing reasons, the conviction and sentence of defendant, Roosevelt Odds, Jr., is affirmed.
AFFIRMED.
NOTES
[1] "A. Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.

"B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence."
[2] Defendant originally assigned as error the trial court's:

(1) denying defendant's motion to quash,
(2) finding defendant's statements admissible,
(3) imposing an excessive sentence,
(4) accepting a verdict contrary to law and evidence, and
(5) denying defendant's challenge for cause. However, the defendant failed to brief assignments of error numbers (1) and (4). Therefore, they are considered abandoned. Rule 2-12.4, Uniform Rules-Court of Appeal, State of Louisiana.