SAVOIE, Judge.
Defendant, Gregory Allen, was charged by bill of information with simple burglary, in violation of La.R.S. 14:62. He was tried and found guilty before a jury. The trial court sentenced him to serve twelve (12) years at hard labor, with credit for time served. Allen has appealed, alleging two (2) assignments of error, as follows:
1. The trial court erred when it admitted into evidence Allen’s signed rights form and Allen’s statement.
2. The trial court erred when it imposed an excessive sentence and failed to follow the mandatory guidelines for sentencing set forth in La.C.Cr.P. art. 894.1.
Between December 26, 1983, and January 1, 1984, the residence of Ben Spann at 2054 74th Street in East Baton Rouge Parish was broken into and several items of clothes, kitchen utensils, and two radial tires were stolen. On January 11, 1984, Spann received some information concerning the identity of the person who had committed the crime, and he called the Baton Rouge Police Department.
Upon receiving the information from Spann, Police Officer Richard Lee went over to 2079 71st Street, the residence of defendant, to investigate. Officer Lee advised Allen of his Miranda rights, and, after Allen had signed a consent to search form, conducted a search. Lee found several articles of clothing which were reported as stolen from Ben Spann.
ASSIGNMENT OF ERROR NUMBER 1:
Allen argues that the trial court erred when it admitted into evidence a signed Waiver of Rights Form and a written confession.[1] Allen alleges he signed the waiver form and wrote out the confession because Officer Lee told him that if he cooperated he would be charged only for simple burglary rather than as an habitual offender, that the charge might even be dropped to receiving stolen property, and that he (Officer Lee) would try to get him the lowest possible bond.
It is well settled that for a confession to be admissible into evidence, the State must affirmatively show that it was *652 freely and voluntarily given without influence of fear, duress, intimidation, menaces, threats, inducements or promises. La.R.S. 15:451; State v. Odds, 448 So.2d 868 (La.App. 1st Cir.1984). If the defendant alleges police misconduct in eliciting a confession, it is incumbent upon the State to rebut these allegations specifically. State v. Odds, 430 So.2d 1269 (La.App. 1st Cir. 1983).
At trial, during the predicate, Officer Lee specifically denied Allen’s allegations. The trial court accepted Officer Lee’s testimony, and its determination of a witness’ credibility, being a function for a trier of fact, is entitled to great, weight. State v. Odds, 448 So.2d at 870. We find no abuse of the trial court’s discretion in this matter.
Similarly, a trial court’s determination that the State has met its burden of proof with regard to the confession’s voluntariness is entitled to great weight, State v. Odds, 448 So.2d at 870, and we find no abuse of discretion herein.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 2:
Allen argues that the trial court erred by failing to follow the sentencing guidelines under La.C.Cr.P. art. 894.1, and by imposing an excessive sentence. Allen was sentenced to twelve years at hard labor, the maximum which can be imposed for conviction of simple burglary. Allen claims that the trial court failed to consider mitigating factors when imposing the maximum sentence.
A trial court has wide discretion in determining whether a sentence is within statutory limits; and given compliance with the sentencing criteria of art. 894.1, a sentence will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir. 1984).
A sentence may still be considered excessive even if it is within the statutory limits, State v. Sepulvado, 367 So.2d 762 (La.1979), but we find the sentence is not excessive in this case.
The record reflects that the trial court thoroughly examined both mitigating and aggravating circumstances peculiar to Allen when deciding sentence. The trial court noted that Allen had four prior felony convictions, and a probation revocation on his record. Consequently, he was not eligible for probation. . The trial court noted that Allen had a tenth grade education, owned no property and worked at various jobs. Given Allen’s extensive record, the trial court felt that any sentence less than twelve years at hard labor would deprecate the seriousness of the offense.
Allen argues that the sentence is improper because the trial court did not articulate its consideration of any mitigating factors in sentencing Allen. However, we note the trial court stated at the sentencing hearing, “I find no grounds whatsoever tending to excuse or justify your conduct in this case.” We find that this statement clearly shows the trial court considered and articulated the mitigating factors as required by La.C.Cr.P. art. 894.1. Obviously, the trial court found no mitigating factors. We find that the trial court adequately complied with the sentencing criteria listed in art. 894.1, and that the reasons stated by the trial court are justification for the sentence imposed.
This assignment of error is without merit.
For these reasons, the conviction and sentence are affirmed.
AFFIRMED.

. In his written statement, Allen admitted that he paid his friend and roommate, David Hall, (still not apprehended) $25.00 to help him break into the home of Anthony Thomas, which is the residence of Ben Spann. Allen said his motive was to get back at Thomas for his allegations that he (Allen) had broken into his house before. Allen stood by the fence in Thomas’ yard on the look out, while Hall crawled through the front window, which had been broken by them, and gathered various items into several bags. They then took the items to their apartment.