GAUDIN, Judge.
Wilfred Joseph Jr. was convicted of simple burglary in the 23rd Judicial District Court and sentenced to 12 years at hard labor. The jury verdict was unanimous.
Joseph assigns four district court errors, which we found devoid of merit. His conviction and sentence are affirmed.
The issues presented in the assignment of errors are:
(1) Whether or not the Trial Judge committed reversible error when he permitted Lieutenant Ray Green, a police officer with the St. James Parish Sheriff’s Office, to sit during the trial as the case officer and the court failed to place him under the Order of Sequestration,
(2) Whether or not the sentence of twelve years at hard labor for the defendant’s conviction of simple burglary is excessive,
(3) Whether or not the Trial Judge committed reversible error when he denied the Motion to Suppress the evidence seized pursuant to a search warrant, and
(4) Whether or not the jury verdict was contrary to the evidence presented.
*275 ASSIGNMENT NO. 1
LSA-C.Cr.P. art. 764 states that the court may order witnesses excluded from the courtroom. Lt. Green was not a witness.
Nonetheless, Joseph argues that Lt. Green was not specifically instructed not to discuss the trial with other witnesses, some of whom were police officers. Appellant, in his brief, says:
“it is conceivable that a police officer could possibly discuss the day’s proceedings with other police officers, including those officers that were set to testify at a later period during the trial.”
Nothing further was offered to support the possibility suggested. We do not consider this a serious assignment of error.
ASSIGNMENT NO. 2
Here, Joseph contends that his 12-year sentence, the maximum allowed by statute, is excessive. The trial judge allegedly erred looking at Joseph’s juvenile record and his escapes from state and parish institutions where he was incarcerated.
Maximum sentences are usually appropriate only in special cases involving the worst type of offender. See State v. Jones, 398 So.2d 1049 (La.1981), and State v. Lanclos, 419 So.2d 475 (La.1982). Here, the record indicates that Joseph was a four-time felony offender. His criminal background and an open and prolonged resistance to authority qualify him for the 12-year sentence.
The trial judge clearly articulated his reasons for finding Joseph deserving of the maximum term.
ASSIGNMENT NO. 3
In this assignment of error, appellant states that the search warrant contained insufficient first-hand knowledge and that it did not particularly describe items to be seized; consequently it was issued without probable cause.
The warrant in question was issued by a district judge in response to a detailed three-page affidavit executed by police detective Calvin Batiste. Contained in the affidavit was (1) a statement that fingerprints taken from the scene of the burglary and from the scene of other burglaries matched Joseph’s, (2) a statement that Joseph was seen in the area of the pertinent burglary in his gold-colored 1973 Lincoln Continental automobile approximately when the burglary was committed, (3) a record of Joseph’s criminal activity, which included numerous burglaries, and (4) a statement that Joseph had fled when confronted by a police officer, driving away at 90 miles per hour.
The warrant issued for the search of Joseph’s adequately described automobile. The license and vehicle registration numbers were given. The warrant sought $235.00 in coins and dollar bills and any and all tools which may have been used to commit the burglary. Two tire tools and a flashlight were seized.
Much of the information in the affidavit is first hand. Batiste investigated the burglary in question and he dusted for fingerprints. The other police officers who supplied substantiating information were designated in the affidavit by name. This contributed to the affidavit’s apparent reliability.
LSA-C.Cr.P. art. 162 reads:
“A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.
A search warrant shall particularly describe the person or place to be searched, the person or things to be seized, and the lawful purpose or reason for the search or seizure.”
In determining if the particularity requirement of Art. 162 has been satisfied, the affidavit and search warrant should be reviewed in a common sense and realistic manner, without technical requirements of elaborate specificity. See State v. Huffman, 419 So.2d 458 (La.1982).
Batiste’s affidavit justified the search warrant seeking $235.00 in coins and dollars bills and any and all tools which may have been used. The affidavit said that someone had initially tried to pry the front door open with “some type of instrument.” *276 When this failed, the intruder gained entry-through a window, after breaking the glass.
Inasmuch as the exact nature of the tool or tools used was unknown, it legally suffices that a more general description was necessarily used.
We cannot say that the search warrant was issued without just and probable cause or that the property sought was not amply described, considering the circumstances.
ASSIGNMENT NO. 4
Joseph, pointing out several alleged shortcomings in the prosecution’s case, contends that the overall evidence was not sufficient to convict him. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979) requires the reviewing court to determine whether the evidence, viewed in the light most favorable to the prosecution, could cause a rational trier of fact to find a defendant guilty beyond a reasonable doubt. See also State v. Rosiere, 488 So.2d 965 (La.1986).
There is no doubt that a burglary took place. The evidence at trial further showed:
(1) on the evening the burglary occurred, Joseph was seen driving his gold-colored Lincoln Continental near the scene of the crime, which was the Sonic Drive Inn,
(2) Joseph parked his car one-half mile from where the burglary took place and was seen walking toward the Sonic Drive Inn,
(3) evidence seized from Joseph’s car, a tire tool, had red paint scrapings on it which matched red paint on the front door of the Sonic Drive Inn, and
(4) fingerprints from pieces of glass near the broken window at the Sonic Drive Inn matched Joseph’s fingerprints.
The record supports the unanimous finding of guilty. We also examined the record for errors patent and found none.
AFFIRMED.