BARRY, Judge.
The defendant was convicted of simple burglary, La.R.S. 14:62, and sentenced to 12 years at hard labor. The defendant assigns as error insufficiency of the evidence and an excessive sentence. There is a multiple bill in the record but no hearing was held.
TESTIMONY
Othello Thomas, a supervisor with the French Market patrol, testified he was on duty on the night of December 4,1987. He heard a business burglary call over the radio and went to the Gazebo Restaurant. When he arrived the door to the business was open. The latch on the door had been forced off and fell to the floor inside the doorway. Thomas looked inside and saw the defendant walking behind the counter. The officer asked the dispatcher for backup help then opened the door. Thomas pointed his revolver at the defendant and told him to lie on the ground. Thomas searched him, found a rock, and handcuffed him. Other officers and the manager arrived.
Thomas saw a plate with ham, turkey, lettuce and a piece of pie on the counter, and french fries were on the floor. The kitchen had been ransacked.
Kathleen Perra, the restaurant manager, testified the kitchen was secured before she left on December 4, 1987. The food had been put away and the place was clean. She said that after the break-in french fries were on the floor, the refrigerator doors were open, and a couple of plates had food. She testified the defendant did not have permission to enter. Perra stated that the lock on the kitchen door had been broken and the wood splintered.
After Perra’s testimony and admission of the State’s exhibits, the State rested. The transcript contains the State’s case and an excerpt from closing argument. According to the minute entry the defense presented no testimony.
INSUFFICIENT EVIDENCE
The defendant argues that the State did not carry its burden of proof.
To prove simple burglary (R.S. 14:62) the State has to prove beyond a reasonable doubt that the defendant entered the restaurant without consent with the intent to commit a theft or other felony. R.S. 14:67 defines theft as the taking of anything of value which belongs to another without his/her consent with the intent to permanently deprive the owner of possession.
After weighing all the evidence in the light most favorable to the prosecution, we must decide whether a rational trier of fact could have found all the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virgina, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The defendant concedes there was evidence that the defendant entered the Gazebo Restaurant without consent. However, he takes issue with the State’s proof of intent to commit a theft or other felony. The defendant argues that consumption of minor items of food does not embrace a theft, and he relies on State v. Marcello, 385 So.2d 244 (La.1980). Marcello entered a building to wash himself and testified that he washed his face and used a paper towel. In reversing his simple burglary conviction, the Supreme Court noted that no property was reported missing and Mar-cello had no burglary tools and took nothing except soap and a paper towel to wash. Although Marcello fled from the porter when he was spotted, the court concluded that Marcello did not want to be caught on the premises without authorization.
*351 The defendant argues that Marcello’s conviction was vacated because at that time the legislature had not approved any constitutional responsive verdicts to simple burglary. He argues that a responsive verdict of unauthorized entry of a place of business (R.S. 14:62.4) is now appropriate. The defendant asks that his conviction of simple burglary be reduced to unauthorized entry of a place of business.
We find State v. Marcello distinguishable. Marcello did not intend to steal property from the building, but merely entered the bathroom to wash. An essential element of the charge, an intent to commit a theft or felony, was not proven.
The defendant also cites State v. Jacobs, 504 So.2d 817 (La.1987), where the defendant and his brother were arrested inside a residence leased to another person who had not moved in. The police found food in the kitchen and tools on the bedroom floor which did not belong to the lessee. The defendant claimed his brother was staying there (without permission) and he had provided his brother with food. None of the lessee’s property was missing. In reversing Jacobs’ conviction for simple burglary, the Supreme Court noted there was insufficient evidence of “intent” to commit a theft.
In this case the door latch had been broken off the kitchen door, the kitchen had been pilfered, and several plates of food had been prepared. The defendant was standing by the counter with a plate of food when the officer intervened.
From these circumstances the jury could have concluded that the defendant had an intent to commit a theft within the restaurant. The jury had been given responsive verdicts, including entering a place of business without consent.
Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found all the essential elements of the crime proven beyond a reasonable doubt.
EXCESSIVE SENTENCE
The defendant argues the maximum sentence he received is excessive.
At the sentence hearing the trial court stated that pursuant to La.C.Cr.P. Art. 894.1 A and B it made certain findings. The court stated the defendant was 32 years old, unmarried, and had no substantial work record. He had been arrested twenty times since 1974 for offenses ranging from disturbing the peace to simple burglary. In 1979 he was convicted of negligent injury, resisting arrest and theft for which he received municipal sentences. In 1980 he was convicted of theft, simple battery, resisting arrest and disturbing the peace and received minor sentences with the maximum of ninety days on the battery charge. In the same year the defendant was sentenced to one year in the Parish jail after he pleaded guilty to burglary. In 1981 he pleaded guilty to burglary, received three years probation, and in February, 1982 the probation was revoked. After release in 1984 he was arrested six more times for indecent exposure, theft, and illegal carrying of weapons. In 1986 he pleaded guilty to obscenity and received one year at hard labor.
The trial court stated it was “readily apparent from this lengthy and varied criminal history that this defendant is incorrigible in the truest sense of the word.”
La. Const. Article I, § 20 prohibits the imposition of excessive punishment. Imposition of a sentence although within the statutory limits may violate a defendant’s constitutional rights against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). The trial judge’s reasons for imposing a particular sentence as mandated by C.Cr.P. art. 894.1, are an important aid to a reviewing court. The trial judge is given a wide discretion in the imposition of sentences within statutory limits and a sentence should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Washington, 414 So.2d 313 (La.1982).
The trial court need not articulate every circumstance listed in La.C.Cr.P. art. 894.1, but the record must reflect that the court adequately considered the guidelines in particularizing the sentence to the defendant. State v. Guiden, 399 So.2d 194 (La.1981), *352 cert. denied 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1981).
The sentencing record must reflect that the trial judge considered the personal history of the defendant in addition to the seriousness of the crime. State v. Quebedeaux, 424 So.2d 1009 (La.1982); State v. Michaels, 516 So.2d 202 (La.App. 4th Cir.1987).
The failure of the trial judge to specifically enumerate for the record the factors considered and the basis for imposing the sentence as required by C.Cr.P. art. 894.1 does not render a sentence invalid. An appellate court may uphold a sentence if the record clearly illuminates the sentencing choice and reflects that the sentence is not excessive. State v. Smith, 430 So.2d 31 (La.1983); State v. Talbert, 543 So.2d 585 (La.App. 4th Cir.1989).
A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless and needless imposition of pain and suffering or is grossly out of proportion to the severity of the crime. State v. Sims, 410 So.2d 1082 (La.1982).
Maximum sentences ought to be reserved for the most blameworthy of offenders. State v. Jones, 398 So.2d 1049 (La.1981). To determine whether the punishment is constitutionally disproportionate, a reviewing court must consider the nature of the offense and the offender. State v. Telsee, 425 So.2d at 1253. The court may also compare the defendant’s punishment with sentences imposed in other cases for similar offenses. State v. Tompkins, 429 So.2d 1385 (La.1982) (on rehearing).
The trial court stated that it considered the guidelines for imposition of sentence pursuant to C.Cr.P. art. 894.1 A and B, and specified the aggravating and mitigating circumstances, although the court apparently found no mitigating factor. The court noted the defendant had been arrested twenty times since 1974. In a painstaking manner the court listed the crimes and defendant’s movement from convictions for misdemeanors with fines to felonies. The court concluded that the defendant was incorrigible and sentenced him to the maximum penalty.
In State v. Sly, 449 So.2d 170 (La.App. 4th Cir. 1984), this Court upheld a twelve year sentence for simple burglary when the defendant had a long list of arrests and a pending charge for burglary of an inhabited dwelling as well as a previous conviction for burglary. The trial court noted the defendant evidenced no intent to rehabilitate and was sentenced to the maximum. Here the trial court reviewed the defendant’s lengthy criminal history and concluded that he was incorrigible before sentencing him to the statutory maximum.
Other circuits have upheld maximum sentences for simple burglary when the defendant had several prior felony convictions and an extensive criminal background. See State v. Joseph, 524 So.2d 273 (La.App. 5th Cir.1988); State v. Allen, 470 So.2d 650 (La.App. 1st Cir.1985). This record contains a multiple bill alleging that the defendant had a prior felony conviction for obscenity and two prior felony convictions for simple burglary. Although the State did not pursue the multiple bill, the trial court noted the felonies.
Considering the defendant’s prior record we conclude the trial court did not abuse its much discretion by imposing the maximum sentence.
The defendant's conviction and sentence are affirmed.
AFFIRMED.