WATKINS, Judge.
Cornelious James Gant, Jr.,[1] was charged in a single bill of information with two counts of obstruction of justice by violating LSA-R.S. 14:130.lA(3)(a) and 130.1A(2)(a), respectively. Defendant entered pleas of not guilty to the charges. Thereafter, on December 2, 1986, the scheduled day for trial, defendant entered into a plea bargain with the state whereby he withdrew his original not guilty pleas and pled guilty to Count I; as part of the plea agreement, the state nolle prosequied Count II.
Subsequently, on April 10, 1987, the trial court initially sentenced defendant to imprisonment at hard labor for a term of seven years to run consecutively to other sentences defendant was then serving. Immediately after the court pronounced the sentence, defense counsel directed the court’s attention to a term of defendant’s plea agreement that mandated that any sentence imposed for the instant offense run concurrently with the sentences defendant was already serving. Thereafter, the court in effect rescinded the sentence it had imposed and recessed the sentencing proceeding. When the proceeding was resumed that same day, the trial court resen-tenced defendant to imprisonment at hard labor for a term of fourteen years to run concurrently with the other sentences defendant was serving.
On November 12, 1987, defendant filed an application for post-conviction relief with the trial court in which he claimed, inter alia, that he was entitled to an out-of-time appeal. State ex rel LaFleur v. Henderson, 316 So.2d 392 (La.1975). On June 20, 1988, as a consequence of that application, the trial court granted defendant an out-of-time appeal and resentenced defendant without making any change in the previously existing concurrent sentence of fourteen years at hard labor. By virtue of the out-of-time appeal granted by the trial court, defendant urges three assignments of error:
1. The state and the trial court violated the terms of the plea bargain agreement relative to defendant’s bond and sentencing.
2. The state and the trial court violated state law by resentencing defendant.
3. The state and the trial court violated defendant’s right to counsel under the state and federal constitutions during re-sentencing.
The record reflects that the instant offense occurred on September 30, 1986, shortly after the conclusion of a trial in the district court at which defendant was convicted of distribution of marijuana and possession of marijuana with intent to distribute. State Trooper Patrick LaSalle had testified at the trial. As defendant was leaving the courtroom at the conclusion of the trial, an incident occurred in a hallway and apparently continued inside an elevator. During the incident, defendant threatened Trooper LaSalle with bodily injury in *707 connection with Trooper LaSalle’s testimony at the trial.
ASSIGNMENT OF ERROR NO. ONE:
In this assignment, defendant asserts that the state and the trial court violated the terms of defendant’s plea bargain relative to defendant’s bond and sentencing.
At the December 1, 1986, Boykin hearing, the terms of defendant’s plea bargain were delineated. After the prosecutor stated that Count II of the bill of information was being nolle prosequied in exchange for the guilty plea, the following colloquy took place:
EXAMINATION BY THE COURT:
Q. Mr. Gant, you and your attorney have reached an agreement with the State that you will enter a plea of guilty to one count of obstruction of justice. That you will not be sentenced here today, but that a pre-sentence investigation will be ordered and that you may have a pre-sentencing hearing if you wish that. I understand, also, that if you wish, there will be a bond reduction hearing next week. Other than that, there have been no promises made to you about what the sentence will be.
A. That’s—
Q. Is that correct?
BY MR. SENETTE:
And that any charge — and that any sentence the Court would give him would be run — would run concurrent with the other charge with which he is presently awaiting sentencing on, Your Honor.
BY THE COURT:
Q. All right. With that correction, then, Mr. Gant, that any sentence you — although there is no promise about what the sentence would be, there is an agreement that the sentence would be concurrent with the other sentence that you have.
A. Yes, ma’am.
Q. Is that correct?
A. (Defendant indicates yes.)
BY THE COURT:
Mr. Thomas, is that as you understand it?
BY MR. THOMAS:
That’s correct, Your Honor. That’s the agreement that I understand.
As part of the Boykin proceeding and to further elucidate the terms of the plea bargain, the trial court read the applicable penalty provision of LSA-R.S. 14:130.1 B(2). In regard to the applicable penalty, the trial court unequivocally explained to defendant that, although any sentence imposed would run concurrently with any existing sentences, the plea bargain did not include any agreement as to the length of any term of imprisonment that the court might impose. The court then asked defendant if he understood the foregoing, and defendant replied in the affirmative.
Additionally, the prosecutor disclosed during the Boykin hearing that the plea bargain included a promise by the state not to institute habitual offender proceedings against defendant. The court took cognizance of that additional term of the plea agreement.
Before concluding the Boykin hearing, the trial court essentially reviewed the terms of the plea bargain, as shown by the following exchange:
[BY THE TRIAL COURT]
At this time, Mr. Gant, as we have said, you will not be sentenced. I order a pre-sentence investigation to be prepared and if you wish to have a sentencing hearing, the time for that would be at some date after the pre-sentence investigation has been received. I’ll set a date of ninety days from now for the pre-sen-tence investigation and we will see then when a hearing date will be appropriate.
BY MR. THOMAS:
That will be fine, Your Honor.
BY THE COURT:
And if you wish to have a bond reduction, that is for Mr. Thomas. And he needs to have it set for some other time. And any sentence you will receive for this offense will be concurrent with that which you receive for the charge — f~~ the marijuana charge. And the DJ *708 office agrees not to double bill you for this offense. That’s it.
BY MR. THOMAS:
Thank you.
BOND REDUCTION
The record reflects that, according to the plea bargain, defendant could have a bond reduction hearing the week following the December 2, 1986, Boykin hearing, if he wished to have such a hearing. The pertinent minute entry of December 10, 1986, reflects that on joint motion of the state and the defense the matter of defendant’s motion to reduce his bond was continued without date; and the court minutes of December 17, 1986, reflect that on that date defendant’s motion to reduce bond was argued before the trial court, submitted to the court and denied by the court. Accordingly, there was no violation of the term of the plea agreement dealing with the bond reduction hearing.
SENTENCING
In regard to sentencing, the plea bargain provided that the instant sentence would run concurrently with defendant’s existing sentences (for distribution of marijuana and possession of marijuana with intent to distribute), but the plea agreement included no limitation on the length of any term of imprisonment that would be imposed except insofar as the maximum limit set forth in LSA-R.S. 14:130.1B(2). The plea agreement also provided by its terms that defendant could have a presen-tencing hearing, if defendant desired such a hearing. Defendant claims that the plea bargain was violated by sentencing him to imprisonment at hard labor for fourteen years to run concurrently with his drug sentences and by virtue of the trial court having denied him a sentencing hearing.
LSA-C.Cr.P. art. 881 provides in pertinent part as follows:
A. Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence.
Notwithstanding defendant’s assertions to the contrary, we conclude that the trial court did not violate the plea agreement or the provisions of LSA-C.Cr.P. art. 881 on April 10, 1987, by rescinding the original consecutive sentence of seven years imprisonment at hard labor and resentencing defendant to a concurrent sentence of fourteen years imprisonment at hard labor. We reach our conclusion based on the terms of the plea agreement which provided for a concurrent sentence within the maximum of twenty years authorized by statute and the fact that the amendment of the sentence was accomplished prior to the beginning of execution of the original sentence.
In regard to defendant’s claim that the trial court violated the plea bargain by denying him a sentencing hearing, we note that the April 10, 1987, sentencing proceeding began with defense counsel, Michael Thomas, informing the trial court that defendant was ready to proceed with sentencing based on a presentence investigation report that had been forwarded to defendant about a month previously. The trial court then stated that it had studied the presentence investigation report for the purpose of determining an appropriate sentence, acknowledging that the report had been made available to defendant and the prosecutor. The trial court began a review of the contents of the report, noting that defendant’s version of the instant offense (that defendant was provoked by Trooper LaSalle) was reflected in the report. The court asked defense counsel if there were any additional facts that he would like to bring to the court’s attention regarding possible mitigating factors. Thereupon, defense counsel responded, as follows:
Well, Your Honor, I think the pre-sen-tence report reflects generally what we would talk about concerning the litigation as to the pre-sentence hearing. That there was some provocation which does not justify the whole circumstances of the case, that it was a big misunderstanding about a couple of minutes right after the sentence on September 30th— his conviction on September 30th, 1986. [Emphasis added.]
*709 The court then asked defendant if there was anything he wanted to tell the court prior to imposition of sentence, and defendant replied in the negative.
Before imposing the original sentence, the trial court articulated the facts of the instant offense as revealed by testimony given by Trooper LaSalle at the preliminary hearing that had been held in this case. The court noted defendant’s version of the incident, the extreme seriousness of the instant crime, defendant’s prior criminal record, defendant’s propensity for violence, defendant’s ability to carry out the threats he made to Trooper LaSalle, the need to protect society from defendant and defendant’s need for correctional treatment. At that juncture of the proceeding, the court imposed the original sentence, rescinded it and recessed the April 10 proceeding. Following the recess, the hearing resumed with the resentencing of defendant.
Clearly, under the terms of the plea agreement, a full-scale presentencing hearing and/or sentencing hearing would be held only if defendant desired such a hearing. Implicit in such an agreement was the necessity for defendant to provoke such a hearing by requesting the court to hold a hearing. The record of the sentencing proceeding in this case reflects that defendant did not voice any opposition to the presen-tence investigation report; more particularly, the record reflects that defendant made no request for an evidentiary hearing prior to imposition of the original sentence or the resentencing which occurred at the April 10 proceeding.
However, we do note that immediately after defendant was resentenced, defense counsel stated the following at the April 10 proceeding: “For the record, I’d like to say that we did not waive any other parts of what was the agreement at that time. I think there was supposed to be a pre-sen-tence hearing also.” Clearly, the foregoing statement did not amount to a request for an evidentiary hearing concerning the pre-sentence investigation report. Additionally,- the statement came too late (after sentencing and resentencing) and was inconsistent with the earlier statements of defense counsel (prior to imposition of the original sentence) that the presentence report reflected “generally what we would talk about concerning the litigation as to the pre-sentence hearing.” These earlier statements made in a context in which there was no request for a full-scale pre-sentencing or sentencing hearing clearly show there was no violation of the term of the plea agreement regarding a presentenc-ing and/or sentencing hearing.
This assignment lacks merit.
ASSIGNMENTS OF ERROR NOS. TWO AND THREE:
In assignment of error number two, defendant contends that the state and the trial court erred by virtue of the trial court’s resentencing of defendant on June 20, 1988. Defendant argues that the court lacked authority to resentence him on June 20 and that instead of resentencing him the court should have held an evidentiary hearing as to his application for post-conviction relief. In assignment of error number three, defendant asserts that the state and the trial court violated his right to counsel under the state and federal constitutions during the June 20 resentencing. Defendant asserts that his June 20 resentencing with substitute counsel did not satisfy his rights to counsel under LSA-C.Cr.P. art. 930.7.
In an order dated May 2, 1988, the trial court denied claims one, three, and five through seven of defendant’s November 12, 1987, application for post-conviction relief[2] and ordered the state to answer *710 claims two and four within twenty days of receipt of the May 2 order. In an answer filed with the court on May 23, 1988, the state denied all of the claims. The June 20, 1988, resentencing followed.
The record reflects that defendant appeared before the trial court at the June 20 proceeding with substitute counsel J.P. Morelia. At the proceeding, Mr. Morelia stated that Michael Thomas was defendant’s counsel of record and would continue in that capacity and that he was standing in for Michael Thomas (who was unable to be present) with defendant’s approval. The record further reflects that defendant agreed to the substitution of counsel.
At the June 20 proceeding, as previously noted in this opinion, the trial court resen-tenced defendant for the instant offense without making any change in the concurrent term of fourteen years at hard labor that had been imposed on April 10, 1987. In resentencing defendant on June 20, the trial court stated that it had determined that the best way to handle the matters raised in defendant’s application for post-conviction relief was by granting defendant an out-of-time appeal (pursuant to claim seven of defendant’s application for post-conviction relief). The trial court explained: “I am going to resentence him so we can technically have him in a position for another appeal.” No objection was made to the court’s decision granting this out-of-time appeal.
While the June 20 resentencing was completely unnecessary to grant this out-of-time appeal, the resentencing did not contravene the provisions of LSA-C.Cr.P. art. 881; it did not amend or change the sentence of fourteen years which was being executed. In any event, the trial court’s ruling granting this appeal without an appropriate evidentiary hearing effectively accomplished an appeal. See State v. Counterman, 501 So.2d 766 (La.1987) (where out-of-time appeal granted without objection from the state). There was no violation of defendants constitutional rights to counsel under either the state or federal constitutions. Defendant was represented by counsel at the June 20 resen-tencing.
Once this out-of-time appeal was granted pursuant to claim seven of the application for post-conviction relief, the resolution of the other claims in the application through post-conviction relief procedures in LSA-C. Cr.P. art. 924, et seq. was rendered inappropriate because of the pendency of this appeal. See LSA-C.Cr.P. art. 924.1. Accordingly, any possible issue as to whether or not defendant was entitled to an eviden-tiary hearing and/or appointment of counsel under the post-conviction relief procedures of art. 924, et seq. (as to the other claims raised in defendant’s application for post-conviction relief) is not now properly before us on appeal.
These assignments lack merit.
For the foregoing reasons the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. In the bill of information and in the transcript the defendant’s name is spelled "Cornelius.” However, in the court minutes, cover of the appellate record, defense pleadings and pro se filings the spelling used is "Cornelious."

. Defendant's application for post-conviction relief essentially raised seven claims. In claim one, defendant asserted that his resentencing on April 10, 1987, violated the plea agreement. Claim two alleged ineffectiveness of defense counsel. Claim three related to the alleged ineffectiveness of defense counsel and an alleged conflict of interest of the prosecutor. Claim four asserted that defendant’s sentence is excessive and was imposed without adequate compliance of the guidelines in LSA-C.Cr.P. art. 894.1. In claim five, defendant contended that his guilty plea was coerced and was without a factual basis. Claim six contended that the trial court erred by not advising defendant of his right to appeal and the necessary procedures for *710 an appeal. Finally, in claim seven, defendant submitted that he was "entitled to an out-of-time appeal due to his counsel not perfecting same.” Although defendant further stated that he felt that the matters raised in his post-conviction application could be resolved through post-conviction relief proceedings rather than a direct appeal, he requested that the court grant the relief to which he might be entitled.