597 So.2d 55 (1992)
STATE of Louisiana
v.
John T. FRANCIS.
No. KA 90 2299.
Court of Appeal of Louisiana, First Circuit.
March 6, 1992.
Rehearing Denied May 12, 1992.
*57 William Alford, Asst. Dist. Atty., Amite, for plaintiff-appellee.
Nita Gorrell, Hammond, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
John T. Francis, Jr., was charged by bill of information with two counts of distribution of cocaine, violations of La.R.S. 40:967. He pled not guilty; and, after trial by jury in which he was represented by court-appointed counsel, defendant was convicted as charged. The trial court sentenced defendant to serve concurrent terms of ten years imprisonment at hard labor on each count. Following the entering of an order of appeal, the trial court relieved previous counsel and appointed defendant's current attorney to represent defendant. Defendant then filed a motion, in the nature of an application for post-conviction relief, alleging ineffectiveness of his trial attorney. Following an evidentiary hearing, the application was denied.
Defendant has appealed, urging seven assignments of error. Assignments of error numbers two and three (alleging error in the denial of defendant's motion to continue filed on the ground he needed time to subpoena the confidential informant whose identity he had just learned, and alleging error in the corresponding motion for a mistrial) were not briefed on appeal and, therefore, are considered abandoned. See Uniform RulesCourts of Appeal, Rule 2-12.4.
FACTS
On two separate dates, Agent Anthony Stewart, an officer with the Tri-Parish Narcotics Task Force working in Tangipahoa Parish, purchased cocaine from defendant. On June 16, 1989, at approximately 11:10 a.m., Agent Stewart was driving with a confidential informant in Ponchatoula. While traveling on Eleventh Street, Agent Stewart saw defendant coming from the opposite direction. Agent Stewart flashed his lights and motioned for defendant to stop his vehicle. Agent Stewart then asked defendant if he had any cocaine for sale. When defendant responded affirmatively, Agent Stewart asked to buy some. Defendant then sold the agent two pieces of rock cocaine, for which the agent paid $20.
On June 30, 1989, Agent Stewart was driving with another agent and the same confidential informant in Hammond. After Agent Stewart pulled into the parking lot of Frank's Grocery Store, defendant motioned for Agent Stewart to come over. Defendant asked Agent Stewart if he was looking for cocaine. When the agent indicated *58 that he was, defendant pulled out a brown, pharmacy type bottle, and poured out two pieces of rock cocaine for Agent Stewart. The agent again paid defendant $20 for the cocaine.
DENIAL OF MOTION TO CONTINUE
In assignments of error numbers one and four, defendant argues that the trial court erred when it denied defendant's motion to continue which was filed at the beginning of the trial. After receiving a copy of the scientific analysis report on the morning of the trial, defendant's attorney asked the court for additional time in which to examine the qualifications of the technician who tested the cocaine and in which to subpoena the supervisor who provided most of the technician's on-the-job training. On appeal, defendant argues that the court's ruling prejudiced defendant by denying defendant the right to "cross-examine a material witness." In response, the state argues that the assignment is without merit because defendant's motion was not in writing.
At defendant's trial, the scientific analysis report furnished by the crime laboratory technician was not introduced. Instead, the technician testified in court. Because defense counsel had heard the same technician testify earlier in the week in a different case concerning her on-the-job training, he indicated to the trial court in this case that he wanted time to subpoena the person from the crime lab who had trained the technician.
Article 707 of the Louisiana Code of Criminal Procedure requires that a motion for continuance be in writing. An oral motion for a continuance presents nothing for review on appeal. However, where the occurrences that allegedly make the continuance necessary arose unexpectedly, and the defense had no opportunity to prepare a written motion, an appellate court may review the denial. State v. King, 563 So.2d 449, 455 (La.App. 1st Cir.), writ denied, 567 So.2d 610 (La.1990). The state's allegation that defendant had time in which to file a written motion is not supported by the record. Defendant was given a copy of the laboratory report on the morning of the trial; and the references in the record to defendant being aware of this particular technician relate to a different trial held earlier in the week. There is absolutely no indication in the instant record that defendant knew that this same technician also would testify at defendant's trial. Thus, because the occurrence which defendant alleges made the continuance necessary arose "unexpectedly," we may review the trial court's denial of the motion.
Whether or not a refusal to grant a continuance was justified depends primarily upon the circumstances of the particular case. The denial of a motion for continuance is not a ground for reversal of a conviction absent an abuse of discretion and a showing of specific prejudice caused by the denial. King, 563 So.2d at 455. In the instant case, defendant speculated that a continuance would allow him to present the testimony of the person who recently trained the technician to show that the technician was not qualified. On appeal, defendant also appears to argue that a continuance would have allowed him to subpoena the person who received the evidence at the crime lab to possibly show defects in the chain of custody of the evidence. However, when moving for the continuance, defendant established no facts in support of these speculations. The state presented substantial testimony supporting the qualifications of the technician and the chain of custody; and defendant was able to cross-examine the witnesses concerning these aspects of the state's case. Thus, the record does not establish that defendant was specifically prejudiced by the court's denial of the motion for continuance.
These assignments of error are without merit.
TESTIMONY CONCERNING CONTENTS OF TAPE RECORDING
In the fifth assignment of error, defendant argues that the trial court erred when it overruled defendant's objection to testimony by Agent Stewart describing the contents of a barely audible tape recording of the drug transaction which occurred on June 16, 1989. Defendant argues that the tape recording was the best evidence of the *59 event and that the officer should have been required to testify from his own memory rather than describing the contents of the tape. Defendant also asserts that the officer's testimony concerning the tape recording was inadmissible hearsay.
Initially we note that defendant's claim that the officer was not testifying from his own memory is factually inaccurate. Agent Stewart specifically testified that he remembered the conversation and that his memory and the contents of the tape recording were the same.
Furthermore, defendant's reliance on the best evidence rule is inappropriate. The broad best evidence rule upon which defendant relies no longer exists. The repeal of La.R.S. 15:436 and the adoption of the Code of Evidence resulted "in the demise of any broad `best evidence' rule of exclusion of evidence." La.C.Ev. Chapter 10, Introductory Note, p. 127 (West 1991). Even under the jurisprudence cited by defendant, defendant's arguments are without merit. Prior to its repeal, La.R.S. 15:436 provided that "[t]he best evidence which from the nature of the case must be supposed to exist, and which is within a party's control, must be produced." Jurisprudence prior to adoption of the Code of Evidence provided that the best evidence of a tape recording was the unaltered tape. An accurate transcription of the tape would be better evidence than oral testimony based on a recollection of a witness to the conversation. See State v. Sterling, 444 So.2d 273, 281 (La.App. 1st Cir.1983). This jurisprudence, however, does not support defendant's claim that, when the tape recording is partially inaudible, testimony relative to the event is never admissible. See generally State v. Oliver, 499 So.2d 295 (La.App. 1st Cir.) writ denied, 505 So.2d 56 (La.1987). In the instant case, although the tape recording was played for the jury on three occasions, each time the court reporter indicated that she was unable to understand the recording.
Defendant's argument that the officer's testimony concerning the transaction was hearsay also is meritless. As we have already indicated, the officer was testifying from his own recollection of the drug purchase. If "statements are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants" and are "necessary incidents of the criminal act," then the statements are not considered to be hearsay. La.C.Ev. art. 801(D)(4).
Thus, the officer's testimony concerning the drug transaction was admissible. The assignment of error is without merit.
INTRODUCTION OF TAPE RECORDING
In assignment of error number six, defendant asserts that the trial court erred when it admitted the tape recording. On appeal, defendant abandons that claim and argues, as assignment of error number six, that the trial court erred when it admitted the cocaine. Defendant claims the chain of custody was not sufficiently established because Jerry Miller, the person at the crime lab who received the evidence, did not testify and because one of the dates placed upon one of the envelopes by Agent Stewart was incorrect.
In accord with the well-established jurisprudence of the Louisiana Supreme Court, this Court will not consider arguments which are neither assigned as error nor related to errors patent on the face of the record. State v. Williams, 319 So.2d 404 (La.1975); State v. Spears, 525 So.2d 329, 330 n. 4 (La.App. 1st Cir.), writ denied, 532 So.2d 175 (La.1988). Defendant did not amend his assignments of error and did not assign this issue as error. Thus, we will not consider the merits of defendant's arguments relative to admission of the cocaine.
Furthermore, even if defendant were not procedurally barred from having consideration of this issue, there would be no merit to his arguments. Article 901(A) of the Louisiana Code of Evidence establishes the general law relative to authenticity:
The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
To properly identify evidence at trial, the identification can be visual or it can be by *60 chain of custody of the object. Lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than to its admissibility. A continuous chain of custody is not essential to enable the state to introduce physical evidence as long as the evidence as a whole establishes that it is more probable than not that the object introduced was the same as the object originally seized. State v. Spooner, 550 So.2d 1289, 1304 (La.App. 1st Cir.1989), writ denied, 566 So.2d 394 (La.1990); State v. Vampran, 491 So.2d 1356, 1365 (La.App. 1st Cir.), writ denied, 496 So.2d 347 (La.1986).
In the instant case, the state properly established that the cocaine introduced into evidence was the same cocaine purchased from defendant. Given the extensive testimony concerning the chain of custody of the cocaine, it was not essential for Jerry Miller to also testify. Additionally, the fact that Agent Stewart wrote an incorrect date on the back of one of the envelopes, after putting the correct date on the front of the envelope, did not defeat the chain established by the state. Defendant's arguments are meritless.
INEFFECTIVE ASSISTANCE OF COUNSEL
In his final assignment of error, defendant argues that the trial court erred when it denied defendant's application for post-conviction relief, filed on the ground that trial counsel was ineffective. Because we find that the trial court was without jurisdiction when it held a hearing on defendant's application, we will not consider the merits of this assignment.
Defendant was sentenced on January 10, 1990; and an order of appeal was entered on January 15, 1990. Eventually, new counsel was appointed for defendant, who filed an application for post-conviction relief and requested an additional extension of the lodging date for the appeal. The trial court granted defendant's request to extend the lodging date; and, after hearing testimony, the court denied defendant's post-conviction application.
Once an order of appeal is entered, the jurisdiction of the trial court over the case is limited to those actions specified in article 916 of the Louisiana Code of Criminal Procedure. The article does not allow the trial court to entertain an application for post-conviction relief while an appeal is pending. See also La.C.Cr.P. art. 924.1. Once the order of appeal was entered in the instant case, it was inappropriate for the trial court to entertain defendant's application for post-conviction relief during the pendency of this appeal. The trial court had no jurisdiction, and its actions concerning the application are a nullity. Thus, the assignment is not properly before us in this appeal. See State v. Gant, 558 So.2d 705, 710 (La.App. 1st Cir.), writ denied, 564 So.2d 319 (La.1990). See generally State v. Parker, 581 So.2d 314, 318-19 (La.App. 1st Cir.1991) (court holds that "if a motion to withdraw a guilty plea is filed after the entering of an order of appeal, the trial court has no jurisdiction over the matter.")
Once defendant's appeal is final, defendant may refile the application for post-conviction relief for consideration anew on his claim of ineffective assistance of counsel.
CONVICTIONS AND SENTENCES AFFIRMED.