STATE OF LOUISIANA
v.
KARL CHRISTOPHER FORTENBERRY.
No. 2009 KA 0504.
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
Not Designated for Publication
WALTER P. REED, District Attorney, and KATHRYN W. LANDRY, Special Appeals Counsel, Attorneys for Appellee State of Louisiana
KATHERINE M. FRANKS, Louisiana Appellate Project, Attorney for Defendant/Appellant Karl Christopher Fortenberry.
Before: PARRO, KUHN, and McDONALD, JJ.
McDONALD, J.
Defendant, Karl C. Fortenberry, was charged by bill of information with possession of cocaine, a violation of La. R.S. 40:967(C). Defendant pled not guilty and proceeded to trial before a jury. The jury determined defendant was guilty.[1] The trial court sentenced defendant to a term of five years at hard labor. The State instituted habitual offender proceedings seeking to have defendant adjudicated as a habitual felony offender. Following a hearing, the trial court adjudicated defendant as a fourth or subsequent felony offender. The trial court vacated the previously imposed sentence and resentenced defendant to a term of twenty-five years at hard labor.
Defendant appeals, citing the following as error:
1. Defendant's Fifth Amendment right against self-incrimination was violated when Trooper McClelland, after twice macing and more times striking the mentally challenged and intoxicated man, wrote down inculpatory statements that defendant neither signed nor initialed.
2. The testimony introduced at trial conflicts with the physical evidence and should have left a reasonable trier of fact with a reasonable doubt. Defendant was denied due process when the jury failed to act as a reasonable trier of fact. The jury verdict for possession of cocaine was based on insufficient credible evidence. The substance analyzed did not match the physical description of the substance seized, leaving no evidence that the trooper seized a controlled substance. The chain of evidence offered by the prosecutor did not account for the discrepancy. It was not only error to admit the exhibit, its use to obtain a conviction offends due process.
3. Trial counsel was ineffective in failing to object to the introduction of evidence that was physically inconsistent with the physical description of the evidence allegedly gathered in the case. Counsel's failure to object contributed to the conviction of Mr. Fortenberry for possession of three rocks that do not appear to have been the subject of any chemical analysis.
4. Defendant was erroneously found to be a fifth felony offender and sentenced based on such finding.
We affirm defendant's conviction, amend his habitual offender adjudication to reflect he is a fourth felony habitual offender, and affirm his habitual offender sentence.

FACTS
At approximately 2:00 a.m., on January 28, 2006, Louisiana State Police Trooper Chris McClelland was on routine patrol on U.S. Highway 190 near the area of Big Branch, east of Mandeville. While headed eastbound on Highway 190, Trooper McClelland was following a white Chevrolet van, which he observed swerving over the right fog line and the left lane divider lines. Trooper McClelland also noticed there was no visible license plate on the vehicle. Trooper McClelland initiated a traffic stop and the van quickly turned on Lemieux Street and stopped.
Defendant, who was driving the vehicle, exited the van and quickly walked toward the police unit. Trooper McClelland advised defendant of the reason for the stop. Defendant explained that he had picked up a friend, who was too impaired to drive, at a bar in Mandeville and was taking her home. Trooper McClelland noticed that defendant appeared nervous and fidgety, with a light odor of alcohol on his breath and slurred speech.
Trooper McClelland asked defendant for his name, and defendant initially identified himself as Karl Magee. After Trooper McClelland was unable to pull up any records on Karl Magee on his unit's computer, Trooper McClelland again asked defendant to provide his name. This time defendant identified himself as Karl Wilson and provided a date of birth of February 3, 1969. After Trooper McClelland was unable to pull any records for this name, he asked defendant for a social security number. Defendant provided the number XXX-XX-XXXX. Trooper McClelland noticed that the entire time defendant stood near the front of his unit, he was nervous and fidgety.
As Trooper McClelland keyed in the social security number, defendant began to flee. Trooper McClelland followed defendant in his unit until defendant jumped a fence. The trooper exited his vehicle and pursued defendant on foot. While fleeing from Trooper McClelland, defendant refused the trooper's repeated orders to stop and show his hands. After defendant ran into a fenced yard, Trooper McClelland sprayed defendant with pepper spray in an effort to subdue him. Despite being sprayed, defendant still refused to comply with the trooper's orders to show his hands and instead shoved his hands into his waistline. Trooper McClelland kicked defendant, who still refused to show his hands. Trooper McClelland was able to grab defendant's left hand and kneeled on defendant's back to place it in handcuffs. Defendant again forced his hands back to his waistline, and the trooper employed edged fist strikes to defendant's head in an attempt to subdue him. Defendant still ignored the trooper's orders to show his hands. Finally, the trooper was able to handcuff defendant's hands.
Trooper McClelland walked defendant back to his unit, called an ambulance, and also sprayed defendant's face with water to clear the pepper spray. As defendant was seated on the ground near Trooper McClelland's unit, the trooper noticed a bulge in defendant's sock. Trooper McClelland removed the bulge, which was balled up toilet paper containing three off-white rocks of suspected crack cocaine. Trooper McClelland placed the rocks and tissue in an evidence envelope and later placed the envelope in an evidence drop. At trial, Trooper McClelland identified State Exhibit 1 as the evidence he seized from defendant.
An ambulance subsequently arrived on the scene; however, defendant refused treatment. Because defendant had a cut on his head, Trooper McClelland transported him to St. Tammany Parish Hospital where defendant received stitches to close the wound. While at the hospital, at approximately 4:00 a.m., Trooper McClelland advised defendant of his Miranda rights. According to State Exhibit 2, in the questionnaire completed by Trooper McClelland, defendant indicated that he had consumed a pint of gin at his home prior to the traffic stop. In response to the questions from Trooper McClelland, defendant also admitted using cocaine, heroin, and marijuana in the twenty-four hours prior to being stopped. Although defendant answered the trooper's questions, he refused to sign or initial the questionnaire and Trooper McClelland wrote down defendant's responses.
Bridget Mack, a forensic scientist employed by the Louisiana State Police Crime Lab, was accepted by the trial court as an expert in narcotics identification. Ms. Mack testified that she received State Exhibit 1 and performed tests on its contents. According to the results of these tests, the evidence contained cocaine. Ms. Mack also testified that the evidence was kept in the proper chain of custody. Defendant did not testify.
FIRST ASSIGNMENT OF ERROR

In defendant's first assignment of error, he contends that his Fifth Amendment right against self-incrimination was violated when Trooper McClelland, after twice administering mace and striking several times the mentally challenged and intoxicated man, wrote down inculpatory statements that defendant neither signed nor initialed.
The record in this case reflects that the defendant filed a motion to suppress his statements to the police in connection with his arrest. Following a hearing, the trial court denied the motion. Defendant asserts that because he had been struck in the head multiple times, administered pepper spray twice, and did not sign or initial the waiver of rights form, the statements obtained from him were in violation of his right against self-incrimination.
Before the State can introduce any inculpatory statement made in police custody, it bears the heavy burden of establishing that the defendant received a Miranda warning and that the statement was freely and voluntarily made, and not the product of fear, duress, intimidation, menace, threats, inducements, or promises. See La. R.S. 15:451; La. C.Cr.P. art. 703(D); State v. Blank, XXXX-XXXX, p. 9 (La. 4/11/07), 955 So.2d 90, 103, cert. denied, ___ U.S. ___, 128 S.Ct. 494, 169 L.Ed.2d 346 (2007). As a matter of federal constitutional law, any confession obtained by any direct or implied promises, however slight, or by the exertion of any improper influence, must be considered involuntary and inadmissible. State v. Beaner, 42,532, p. 14 (La. App. 2 Cir. 12/5/07), 974 So.2d 667, 676, writ denied, XXXX-XXXX (La. 5/30/08), 983 So.2d 896. At a suppression hearing, the State bears the burden of proving beyond a reasonable doubt the free and voluntary nature of the confession. Id. at 676.
The admissibility of a confession is a question for the trial court. A trial court's factual findings following a free and voluntary hearing are entitled to great weight and will not be overturned on appeal unless not supported by the evidence. Id. at 676. Great weight is placed upon the trial court's factual determinations because of its opportunity to observe witnesses and assess credibility. Testimony of the interviewing police officers alone may be sufficient to prove that the statement was given freely and voluntarily. Beaner, 42,532 at p. 15, 974 So.2d at 676.
It is not required that the police have either a signed waiver of rights form or another officer substantiate that such rights were given to the defendant. The State need only prove by the evidence that defendant was given the Miranda rights. State v. Odds, 448 So.2d 868, 870 (La. App. 1st Cir. 1984), writ denied, 477 So.2d 701 (La. 1985).
Defendant further argues that the State failed to prove that he understood those rights. This argument is based on defendant's claims that he is mentally challenged, was intoxicated at the time he was interviewed, and had been sprayed with pepper spray and struck in the head multiple times.
With regard to the relationship between diminished mental or intellectual capacity and involuntariness, the Louisiana Supreme Court has noted that such a condition does not of itself vitiate the ability to knowingly and intelligently waive constitutional rights and make a free and voluntary confession. State v. Benoit, 440 So.2d 129, 131 (La. 1983). The critical factors are whether or not the defendant was able to understand the rights explained to him and whether or not he voluntarily gave a statement. State v. Young, 576 So.2d 1048, 1053 (La. App. 1st Cir.), writ denied, 584 So.2d 679 (La. 1991).
The State may rely on the presumption of sanity provided in La. R.S. 15:432, leaving to the defendant the initial burden of proving the existence of a mental abnormality which, under the circumstances, may have destroyed the voluntary nature of his confession. See State v. Waymire, 504 So.2d 953, 958 (La. App. 1st Cir. 1987). Because a defendant is presumed competent, he has the burden of proving a mental defect such that he was unable to understand his Miranda rights and, therefore, incompetent to waive them. State v. Ondek, 584 So.2d 282, 292-93 (La. App. 1st Cir.), writ denied, 586 So.2d 539 (La. 1991). Once such a mental defect is established, the State bears the ultimate burden of proving that the defendant's mental defect did not preclude him from giving a voluntary and free confession with a knowledgeable and intelligent waiver of his rights. See State v. Istre, 407 So.2d 1183, 1186 (La. 1981); State v. Young, 576 So.2d at 1053-54. However, if the defendant fails to prove the existence of a mental illness or defect, or fails to prove that such a disorder prevented his confession from being voluntary, while the State is not required to negate the defendant's mental abnormality, it still must in all other respects prove beyond a reasonable doubt that the confession was voluntary. State v. Lamark, 584 So.2d 686, 692 (La. App. 1st Cir.), writ denied, 586 So.2d 566 (La. 1991).
When the free and voluntary nature of a confession is challenged on the ground that the defendant was intoxicated at the time of the confession, the confession will be rendered inadmissible only when the intoxication is of such a degree as to negate the defendant's comprehension and to render him unaware of the consequences of what he is saying. Whether or not intoxication exists and is of a degree sufficient to vitiate the voluntariness of the confession are questions of fact, and the trial court's conclusion on this issue will not be disturbed unless unsupported by the evidence. State v. Latiolais, 563 So.2d 469, 472 (La. App. 1 st Cir. 1990).
The record in this matter indicates that defendant immediately attempted to create confusion by providing Trooper McClelland with not one, but two false names during the initial stage of this encounter. When Trooper McClelland was checking the second false name and social security number in his unit, defendant seized that opportunity to flee the scene. Trooper McClelland administered Miranda warnings to defendant immediately after he had been subdued and handcuffed. However, the interview wherein defendant provided the statements at issue did not occur until over two hours after the initial stop, following defendant's transportation to St. Tammany Parish Hospital for treatment.
According to Trooper McClelland, he again advised defendant of his Miranda rights at 4:00 a.m. At this point, defendant indicated that he understood the rights, but he refused to sign or initial the form. According to Trooper McClelland, defendant appeared to understand his rights and indicated that he wanted to cooperate in any way he could and was apologetic for his earlier actions of fleeing and resisting. Trooper McClelland testified that defendant indicated a willingness to answer the questions and his statements appeared free and voluntary. Trooper McClelland testified that he never coerced or promised defendant anything in an attempt to induce defendant into answering his questions. Finally, the defendant produced no evidence that he has such a diminished mental capacity that he is incapable of understanding or knowingly and intelligently waiving his rights.
Based on our review of the record, and giving great weight to the trier of fact's credibility determination, we conclude that the trial court's factual findings that defendant was advised of his Miranda rights and knowingly waived those rights in voluntarily answering Trooper McClelland's questions are supported by the evidence. Accordingly, the trial court's denial of defendant's motion to suppress statements was without error. This assignment of error is without merit.[2]

SECOND ASSIGNMENT OF ERROR
In his second assignment of error, defendant contends that the evidence is insufficient to support his conviction. Specifically, defendant argues that the substance analyzed did not match the physical description of the substance seized.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime and the defendant's identity as the perpetrator of that crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also La. C.Cr.P. art. 821(B); State v. Wright, 98-0601, p. 2 (La. App. 1st Cir. 2/19/99), 730 So.2d 485, 486, writs denied, 99-0802 (La. 10/29/99), 748 So.2d 1157 and XXXX-XXXX (La. 11/17/00), 773 So.2d 732.
With certain exceptions inapplicable here, it is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in La. R.S. 40:964, Schedule II. La. R.S. 40:967(C). Cocaine is a controlled dangerous substance classified in Schedule II. La. R.S. 40:964, Schedule 11(A)(4).
In the present case, the State presented testimony from Trooper McClelland that following his arrest of defendant, he seized three off-white rocks wrapped in toilet paper from defendant's sock. Subsequent testing on this substance reflected the presence of cocaine.
Defendant argues that the evidence failed to establish that the substance that Ms. Mack tested was consistent with what Trooper McClelland seized. This argument is based on the description of the evidence contained in Ms. Mack's report, wherein she described the evidence as "One (1) piece of tissue paper containing a rock-like substance."
We note that during the trial of this matter, both Trooper McClelland and Ms. Mack identified the contents of State Exhibit 1 as the evidence that was seized and tested in this matter. The record reflects that at no time during trial did defendant lodge any type of objection challenging whether the evidence was consistent. Further, we note that defense counsel elected not to cross-examine Ms. Mack at all.
Under La. C.Cr.P. art. 841, a contemporaneous objection is required to preserve an error for appellate review. The contemporaneous objection rule has two purposes: 1) to put the trial judge on notice of the alleged irregularity so that he may cure the problem, and 2) to prevent a defendant from gambling for a favorable verdict and then resorting to an appeal on errors that might easily have been corrected by an objection. Thus, the defendant is precluded from raising the chain of custody issue on appeal. See La. C.E. art. 103(A)(1); La. C.Cr.P. art. 841.
Moreover, we note that to properly identify evidence at trial, the identification can be visual or it can be by chain of custody of the object. State v. Francis, 597 So.2d 55, 59-60 (La. App. 1st Cir. 1992); see also La. C.E. art. 901(A). Lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than to its admissibility. Francis, 597 So.2d at 60. A determination of the weight of the evidence is a question of fact, and in a criminal case such a determination is not subject to appellate review. See La. Const. art. V, § 10(B); State v. Korman, 439 So.2d 1099, 1101 (La. App. 1st Cir. 1983).
In the present case, we note that both State witnesses visually identified the evidence as the substance that was involved in the incident at issue. We further note that defense counsel's argument attempts to create a discrepancy through semantic confusion. Although the police officer described the evidence as three rocks of suspected crack cocaine, while the crime lab report identified the evidence as a rock-like substance, such descriptions do not equate to a conclusion of different pieces of evidence.
After a thorough review of the record, we are convinced that the evidence presented in this case, viewed in the light most favorable to the State, proved beyond a reasonable doubt all of the elements of possession of cocaine. The verdict rendered against the defendant indicates that the jury accepted the testimony of the State's witnesses. As the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. See State v. Johnson, 99-0385, p. 9 (La. App. 1st Cir. 11/5/99), 745 So.2d 217, 223, writ denied, XXXX-XXXX (La. 11/13/00), 774 So.2d 971. On appeal, this court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. State v. Glynn, 94-0332, p. 32 (La. App. 1st Cir. 4/7/95), 653 So.2d 1288, 1310, writ denied, 95-1153 (La. 10/6/95), 661 So.2d 464.
This assignment of error is without merit.

THIRD ASSIGNMENT OF ERROR
In defendant's third assignment of error, he contends that his trial counsel was ineffective in failing to object to the introduction of evidence that was physically inconsistent with the description of the evidence gathered in the case. A claim of ineffective assistance of counsel is ordinarily raised in an application for post-conviction relief in the district court where a full evidentiary hearing may be conducted. However, where evidence of the alleged error is contained in the record, and the issue is raised by assignment of error on appeal, we may address the issue in the interest of judicial economy. State v. Felder, 2000-2887, p. 10 (La. App. 1st Cir. 9/28/01), 809 So.2d 360, 369, writ denied, XXXX-XXXX (La. 10/25/02), 827 So.2d 1173. Accordingly, we will address the defendant's claim of ineffective assistance of counsel.
Effective counsel has been defined to mean "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." U.S. v. Fruge, 495 F.2d 557, 558 (5th Cir. 1974) (per curiam); see also U.S. v. Johnson, 615 F.2d 1125, 1127 (5th Cir. 1980) (per curiam). Whether or not the defendant's counsel's assistance was so defective as to require reversal of his sentence is subject to a two-part test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that this deficiency prejudiced the outcome of the trial. A failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. State v. Robinson, 471 So.2d 1035, 1038-39 (La. App. 1st Cir.), writ denied, 476 So.2d 350 (La. 1985).
Defendant's argument is based entirely on his contention that the description of the evidence seized by Trooper McClelland was inconsistent with the description of the evidence received and tested by Ms. Mack, and that trial counsel's failure to object to this discrepancy contributed to his guilty verdict.
We disagree. Our review of the record indicates there was no discrepancy as to the description of the evidence seized and tested. Trooper McClelland's testimony indicated he seized three off-white rocks wrapped in tissue paper from defendant's sock following his arrest. Ms. Mack testified that she performed the testing on the contents of State Exhibit 1. In her report, she described the contents as "One (1) piece of tissue paper containing a rock-like substance." We note that both Trooper McClelland and Ms. Mack identified the contents of State Exhibit 1 as what was seized from defendant and tested. Both descriptions are consistent in that the substance was wrapped in tissue paper and was rock-like in appearance. Merely because Trooper McClelland described the evidence as three rocks, while Ms. Mack weighed the substance (.19 grams), does not equate to a discrepancy that would have created reasonable doubt. Accordingly, because we find no discrepancy in the descriptions, we cannot say trial counsel's failure to object to such was error that resulted in prejudice to defendant.
This assignment of error is without merit.

FOURTH ASSIGNMENT OF ERROR
In his fourth assignment of error, defendant claims that he was erroneously found to be a fifth felony offender. In support of this assignment of error, defendant notes that the date for his prior pleas in cases 89-CR-144302 and 90-C145311 were both made on December 5, 1990.
In defendant's multiple offender adjudication, the trial court stated, "[Defendant] is a fourth or subsequent felony offender, actually that four underlying felony offense convictions have been proven and that this instant offense will be his fifth felony conviction." The trial court then noted the sentencing range for this status was twenty years to life. The trial court subsequently sentenced defendant to a term of twenty-five years at hard labor.
Defendant correctly points out that La. R.S. 15:529.1(B) provides in pertinent part that, "Multiple convictions obtained on the same day prior to October 19, 2004, shall be counted as one conviction for the purpose of this Section." Thus, defendant is correct in that the two convictions entered on December 5, 1990, can only count for one conviction in determining defendant's multiple offender status.
As defendant also notes, the applicable penalty provision would not change due to this error.[3] However, defendant maintains that we should vacate his habitual offender sentence and remand the matter for resentencing in light of the possibility that the trial court would impose a different sentence based on defendant's accurate status as a fourth felony habitual offender as opposed to a fifth felony habitual offender. We disagree. Defendant was exposed to the same penalty range despite whether he was a fourth or fifth felony habitual offender and we decline to vacate his sentence.
This assignment of error is without merit.
CONVICTION AFFIRMED, HABITUAL OFFENDER ADJUDICATION AMENDED TO REFLECT FOURTH FELONY HABITUAL OFFENDER, AND HABITUAL OFFENDER SENTENCE AFFIRMED.
NOTES
[1] Defendant was also charged under docket number 407,865 with driving while intoxicated (DWI) and resisting an officer. The State requested the DWI be severed. Defense counsel had no objection to the resisting an officer charge being heard contemporaneously, and no reference was made to the jury regarding this charge.
[2] We note defendant makes mention in his brief that his answers to the questionnaire were inadmissible as other crimes evidence. Other than this reference, defendant presents no argument in support of this contention. We note the record reflects the trial court gave a limiting instruction to the jury that they were to disregard any activity that could be considered criminal, other than the crime at issue.
[3] La. R.S. 15:529.1 (A)(1)(c)(i) provides, "The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life [.]"